IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| ANN MARIE MILLER, ) | Case No. 11-26914 ABC | |
| ) | Chapter 13 | |
| Debtor. ) | | |
| _____ ) | | |
| ) | | |
| ANN MARIE MILLER, ) | | |
| ) | | |
| Plaintiff, ) | Adversary No. 11-1627 ABC | |
| v. ) | | |
| ) | | |
| JENNIFER KELLEY, n/k/a JENNIFER ) | | |
| KESSLER, )) | | |
| ) | | |
| Defendant. ) | | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Motion to Dismiss filed by Defendant Jennifer Kessler f/k/a Jennifer Kelley and Plaintiff's Response thereto. Having considered the foregoing and the file in this matter, the Court finds and concludes as follows.

**Background**

**A. Plaintiff's Chapter 13 Case**

Plaintiff's Chapter 13 bankruptcy case, Case No. 11-26914 ABC, was filed on July 18, 2011, and dismissed on September 30, 2011. Plaintiff has filed a motion to reconsider the dismissal of Case No. 11-26914 ABC, which is pending and is set for an evidentiary hearing on January 12, 2012.[1] The order dismissing Case. No. 11-26914 ABC has not been stayed.

This adversary proceeding was commenced during the pendency of Case No. 11-26914 ABC. It seeks damages, pursuant to 11 U.S.C. § 362(k), for alleged willful violation of the automatic stay that was in effect during the pendency of Case No. 11-26914 ABC. Dismissal of Case No. 11-26914 ABC does not divest this Court of jurisdiction over Plaintiff's request for relief under § 362(k). *Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1083 (10th Cir. 2009). Such claims "[remain] viable after termination of the underlying bankruptcy case." *Id.* at 1084. This is so because their purpose "is not negated by dismissal of the underlying bankruptcy case."

---

[1] Plaintiff filed a new Chapter 13 case, Case No. 11-35182 ABC, on October 26, 2011.

*Id.*

### B. The Complaint

Plaintiff's complaint alleges that Defendant, on August 5, 2011, violated the automatic stay by filing a motion in another court "to collect $3,331.48 in attorney's fees." Exhibit A to the Complaint[2] is a copy of Defendant's "Motion Requesting Attorney Fees and Sanctions," ("Attorneys Fee Motion") which appears to have been filed, on August 5, 2011, in the United States District Court for the Western District of Virginia ("District Court"), in Case No. 10-CV0056, *Ann Marie Miller, Plaintiff v. Jennifer Kelley, Defendant.* The Attorneys Fees Motion requests the District Court to impose sanctions on Plaintiff, under 28 U.S.C. § 1927, for filing "multiple proceedings" against Defendant which are unreasonable and vexatious. The Attorneys Fees Motion further asserts that the proceeding in the District Court was filed for the improper purpose of harassment. Accordingly Defendant also seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff alleges that the Defendant has committed a "deliberate and egregious" violation of the automatic stay by "perform[ing] [an] act to collect a debt . . . or by continu[ing], or begin[ning] a legal process against me." Plaintiff requests actual damages in the amount of $3,331.48, the amount of attorney fees requested by Defendant, and punitive damages in the amount of $2.5 million. Plaintiff also requests that Defendant be enjoined from further violations of the stay.

### Discussion

### A. Standards for Determining a Motion to Dismiss

In ruling on a Rule 12(b)(6) motion, the Court must presume that all well-pleaded allegations of the complaint are true, and construe them in the light most favorable to Plaintiff. *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556 (10th Cir. 1999). In order to survive dismissal under Fed. R. Civ. P. 12(b)(6), a plaintiff must include in the complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is "plausible" under this standard if the plaintiff pleads sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

---

[2] In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider "not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Smith v. U.S.* 561 F.3d 1090, 1098 (10th Cir. 2009)(internal quotations and citations omitted).

**B. Violation of the Automatic Stay**

Defendant Kessler argues that the filing of the Attorneys Fees Motion was within 11 U.S.C. § 362(b)(4)'s "police power" exception to the automatic stay. That provision excepts from the automatic stay "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . .police and regulatory power . . . ."

The leading case on this issue is *Alpern v. Lieb*, 11 F.3d 689 (7th Cir. 1993). In *Alpern*, the Seventh Circuit Court of Appeals held that a proceeding for Rule 11 sanctions, filed by a private litigant, did not violate the stay because it was within the §362(b)(4) exception. As explained by Chief Judge Posner,

> Rule 11 is not a simple fee-shifting provision designed to reduce the net cost of litigation to the prevailing party. Compare 42 U.S.C. § 1988. It directs the imposition of sanctions for unprofessional conduct in litigation, and while the form of sanction is often and was here an order to pay attorney's fees to the opponent in the litigation, it is still a sanction, just as an order of restitution in a criminal case is a sanction even when it directs that payment be made to a private person rather than to the government. The Rule 11 sanction is meted out by a governmental unit, the court, though typically sought by a private individual or organization – a nongovernmental litigant, the opponent of the litigant to be sanctioned. There is no anomaly, given the long history of private enforcement of penal and regulatory law. The private enforcer, sometimes called a "private attorney general," can be viewed as an agent of the "governmental unit," the federal judiciary, that promulgated Rule 11 in order to punish unprofessional behavior. The fact that the sanction is entirely pecuniary does not take it out of section 352(b)(4). *In re Commonwealth Cas.*, 913 F.2d 518, 522-23 (8th Cir. 1990).
>
> A litigant should not be allowed to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy. Allowing him to do so would not only increase the number of bankruptcy filings but also create incentives for unprofessional conduct in litigation by firms or individuals teetering on the edge of the bankruptcy abyss.

11 F.3d.at 690.

The *Alpern* case has been followed in other cases dealing with this issue. *See In re Berg,* 198 B.R. 557 (9th Cir. BAP 1996)(involving sanctions imposed *sua sponte* by the court); *Maritan v. Todd*, 203 B.R. 740 (N.D. Okla. 1996). In *Maritan v. Todd,* the District Court for the Northern District of Oklahoma analyzed the issue under the Tenth Circuit's tests for defining the scope of the police power exception to the automatic stay. The Court found that Rule 11 proceedings satisfy the "pecuniary purpose" test, because the government's primary purpose in issuing sanctions is not protection of a pecuniary interest. Rather, "[t]he interest of the

governmental unit, here the Federal judiciary branch, is to keep the stream of federal litigation free from unnecessary and abusive legal obstructions," 203 B.R. at 743 (quoting *O'Brien v. Fischel*, 74 B.R. 546, 549 (D. Haw. 1987)), and "to protect the general public from needless, harassing, and abusive litigation." *Id*. at 744 (quoting *O'Brien,* 74 B.R. at 550).

The Court in *Maritan* found that the Tenth Circuit's "public policy" test was also satisfied because the imposition of Rule 11 sanctions by a court is aimed at effectuating public policy rather than an attempt to settle private rights. The public policy implicated by Rule 11 sanctions is "the federal judiciary's policy of purging needless, harassing, and abusive litigation from the federal court system." *Id.*

This Court finds *Alpern, Maritan,* and *Berg* persuasive and adopts the reasoning and analysis set forth in those cases. Such reasoning is applicable to sanctions under 28 U.S.C. § 1927 with equal force as to sanctions under Rule 11. Accordingly, Defendant's filing of the Attorneys Fees Motion was excepted from operation of the automatic stay by § 362(b)(4). Since this is the only conduct by Defendant which is alleged to be a stay violation,[3] Plaintiff's Complaint for damages caused by a willful violation of the automatic stay fails to state a claim upon which relief may be granted

It is accordingly,

ORDERED that Defendant's Motion to Dismiss is granted, and Plaintiff's Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: December 20, 2011                BY THE COURT:

_____
A. Bruce Campbell,
United States Bankruptcy Judge

---

[3]The Complaint does not allege that Defendant attempted to collect a sanction award from Plaintiff. As did the court in *Maritan*, this Court expresses no opinion as to whether actions to collect monetary sanctions awarded under Rule 11 would violate the automatic stay.